# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ESSEX MANAGEMENT CORPORATION, ESSEX JMS ACQUISITIONS, LP,<br><br>    Plaintiffs,<br>  vs.<br>VICTORIA M. WHITE, AND DOES 1 TO 10 INCLUSIVE,<br><br>    Defendants. | CASE NO. 15-CV-129-LAB (BLM)<br><br>**REMAND ORDER** |
|---|---|

Victoria M. White removed this unlawful detainer action on January 21, 2015, under the ostensible authority of 28 U.S.C. § 1443. That statute allows for the removal of civil actions when a state court will not respect a defendant's federal rights. Removal under § 1443 requires the defendant to satisfy a two-part test: (1) a viable defense under federal statutes protecting against racial discrimination, and (2) the existence of "state statute or constitutional provision that purports to command the state courts to ignore federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citing *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966)).

White cites two statutes which protect against racial discrimination, 42 U.S.C. §§ 1981 and 1982, but her notice of removal doesn't allege how either statute provides a defense to the unlawful detainer action, and there is no apparent likelihood that they do. *See also*

*Prominence Apartments v. Hagenah*, 2014 WL 585405 (S.D. Cal. Feb. 13, 2014); *13231 Sundance LLC v. DOE 1, et al.*, 2011 WL 1651226 (S.D. Cal. May 2, 2011); *Fannie Mae v. Gooding*, 2011 WL 2636884 (S.D. Cal. July 6, 2011) (declining to exercise jurisdiction over unlawful detainer actions under § 1443). The notice of removal also alleges that "[t]he California Superior Courts completely ignore the California Civil Rules of Procedure," and that "there is a pervasive state statutory program which . . . discriminates unfairly against pro se litigants." (Docket No. 1, at 11.) These allegations likewise do not satisfy the second part of the test. *See Patel*, 446 F.3d at 999; *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice.").

White also mentions § 1441 in passing as a basis for removal, but no federal claim appears on the face of the complaint. Under the well-pleaded complaint rule, a federal question must be evident from the face of the complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, it isn't. The complaint merely presents a single claim for unlawful detainer arising under state law.

Removal to federal court must be rejected if there is any doubt as to the propriety of removal in the first instance. *Provincial Gov't v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). This case presents more than just doubt; there is no plausible basis for federal jurisdiction. Under 28 U.S.C. § 1447(c), the Court must remand a removed case if, at any time before final judgment, it appears subject matter jurisdiction is lacking. Here it is clear jurisdiction is lacking, so this case is **REMANDED** to the San Diego County Superior Court. The pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: February 5, 2015

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge